**E-filed 3/30/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA. <br><br> Plaintiff, <br><br> v. <br><br> FELIX KELLY PRAKASAM, et al. <br><br> Defendants. | Case No. C 05-00743 JF <br><br> ORDER[1] GRANTING MOTION FOR SUMMARY JUDGMENT <br><br> [re: docket No. 18, 21, 22, 23, 24] |

On February 18, 2005, Plaintiff United States of America filed a complaint against Defendants Felix Kelly Prakasam and Lilian P. Prakasam ("the Prakasams"), Wells Fargo Bank N.A., State of California Franchise Tax Board, Anco Financial Inc., General Electric Capital Corp, and Credit Counseling Services Inc., alleging that it is entitled to foreclose federal tax liens upon the Prakasams' real property for unpaid federal income taxes for the 1995, 1996, and 1997 tax years pursuant to 26 U.S.C. §§ 7401 and 7403(a). On February 16, 2006, Plaintiff filed the instant motion for summary judgment. The Prakasams oppose the motion. The Court heard oral argument on March 24, 2006. For the reasons set forth below, the motion will be granted.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-00743 JF
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)

## I. BACKGROUND

This instant action arises from Plaintiff's action of foreclosure of federal tax liens for the 1995, 1996, and 1997 tax years against the Prakasams' real property located at 1174 San Diego Drive, Salinas, California ("Subject Real Property"). The Internal Revenue Service ("IRS") made federal income tax assessments against Felix Kelly Prakasam for the 1995 tax year and against the Prakasams for the 1996 tax year. Declaration of Thomas Moore in Support of Plaintiff's Motion for Summary Judgment (hereinafter, "Moore Decl."), Ex. 1. On December 22, 2005, the United States District Court for the Central District of California entered a judgment against the Prakasams and ordered the foreclosure of federal tax liens on a separate property owned by the Prakasams in Loma Linda, California. Moore Decl., Ex 2. The United States Tax Court ("the Tax Court") has issued an order staying the judicial sale of the Prakasams' Loma Linda property that is effective through April 24, 2006. Declaration of Felix K. Prakasam in Support of Opposition to Plaintiff's Motion for Summary Judgement (hereinafter, "Prakasam Decl."), Ex. D. The Prakasams have appealed the Central District's decision. Second Declaration of Thomas Moore in Support of Plaintiff's Motion for Summary Judgment (hereinafter, "Second Moore Decl."), Ex. 7. Because this appeal is related to the judgment for the 1995 and 1996 tax years, the Plaintiff clarifies in its reply brief that its decree for the sale of the Subject Real Property is to satisfy only the unpaid taxes for the 1997 tax year.

On November 16, 1998, the IRS made an initial federal income tax assessment against the Prakasams for the 1997 tax year. Moore Decl., Ex. 1. On June 12, 2001, the IRS mailed a notice of deficiency for the 1997 tax year to the Prakasams. Declaration of Sandy Tubo in Support of Motion for Summary Judgment (hereinafter, "Tubo Decl."), Ex 3. On August 27, 2001, in response to this notice, the Prakasams filed a petition with the Tax Court for redetermination of the deficiencies. Tubo Decl., Ex 4. On May 23, 2003, the Tax Court issued an order granting a motion filed by the IRS to dismiss the Prakasams' petition for failure to prosecute. Additionally, the Tax Court decided that there is an outstanding deficiency in the amount of $458,475.00 and a penalty in the amount of $91,695.00. *Id.*

On September 19, 2003, the Prakasams filed an amended form 1040X for the 1997 tax

Case No. C 05-00743 JF
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)

year and claimed a refund in the amount of $6,664.00. Prakasam Decl., Ex. A. In a letter dated October 24, 2003, the IRS disallowed the Prakasams' claim for refund because the claim was filed more than three years after the filing of return. Prakasam Decl., Ex. H. On December 29, 2003, the IRS assessed the deficiency in the amount of $458,475.00 and penalty in the amount of $91,695.00. Moore Decl., Ex. 1, 1997 Tax Year, p. 2. The Statutory Notice of Balance Due and Demand for Payment was mailed to the Prakasams on the same date. *Id.* p. 4. The Prakasams filed a request for Collection Due Process Hearing for the 1997 tax year at the appeals office of the IRS on March 16, 2004. Prakasams Decl. Attachment C. As of March 24, 2006, the estimated amount of Prakasams' unpaid income taxes, penalties, and interest for the 1997 tax year is $1,040,735.54. Tubo Decl. p. 2.

On April 18, 2003, the IRS filed federal tax liens in the Monterey County Recorder's Office against the Subject Real Property for the assessment of the 1995 and 1996 tax years. Moore Decl., Ex. 3. On February 23, 2004, the IRS filed another federal tax lien in the same Recorder's Office against the same property for the assessment of the 1997 tax year. *Id.*

Prior to the filing of these federal tax liens, on January 29, 1997, Defendant Wells Fargo Home Mortgage ("Wells Fargo") perfected a security interest in the Subject Real Property. Wells Fargo has submitted a "conditional non-opposition to motion for summary judgment," conditioning its non-opposition on an acknowledgment that its lien on the Subject Real Property is senior to the lien of the Plaintiff. Wells Fargo alleges that the Prakasams' debt is in the amount of $179,631.44, plus accruing interest, as of October 1, 2005. On May 14, 1999, by recording as a Second Deed of Trust, Defendant Anco Financial Inc. ("Anco") also perfected a lien on the Prakasams' Subject Real Property prior to Plaintiff's tax liens. Anco alleges that the current principal balance of the Prakasams' debt is $144,500, plus accruing interest, as of April 21, 2006. Anco similarly has filed a "'conditional non-opposition to plaintiff's motion for summary judgment," conditioning its non-opposition on an acknowledgment that its lien on the Subject Real Property is senior to the lien of Plaintiff. Both Wells Fargo and Anco agreed in their "stipulation in lieu of further appearance by defendants, Wells Fargo Home Mortgage and Anco Financial, Inc." that Anco's lien on the Subject Real Property shall be preserved as a lien

second to the Wells Fargo lien and senior to Plaintiff's federal income tax lien in any order or judgment in the instant lawsuit and that costs or attorney's fees will not be sought or assessed against them.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.,* 477 U.S. at 325 (1986)).  Once the moving part meets this burden the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial.  *Id.*

## III. DISCUSSION

Plaintiff moves for summary judgment on several grounds.  First, it asserts that the Tax Court's decision concerning the Prakasams' 1997 tax debt is final.  Second, it contends that the

Tax Court's determination of the Prakasams' 1997 tax liability is established by the Certificate of Assessments and Payments.  Finally, it argues that the Court should enter a Decree of Sale of the Prakasams' Subject Real Property because the Prakasams lack sufficient liquid assets and have failed to pay their taxes for the 1997 tax year.

The Prakasams argue that they do not owe any taxes for the 1997 tax year.  They also argue that the District Court lacks jurisdiction because the assessments for the 1995 and 1996 tax years have been challenged in the Tax Court.  As discussed above, because Plaintiff has clarified that it seeks the sale of the Subject Real Property to satisfy only the 1997 tax debt, the issue concerning the assessments of the 1995 and 1996 tax years is moot.

**A.  Payment of the 1997 Tax Liability**

The threshold question is whether the Prakasams are liable to the IRS for taxes incurred during the 1997 tax year.  Plaintiff argues that this Court does not have subject matter jurisdiction to redetermine the Prakasams' tax liability because the Tax Court already has entered a final decision regarding the Prakasams' liability for a tax deficiency and that such final decision renders the sale of Prakasams' Subject Real Property unimpeded.  "If the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) [within 90 days of the mailing of notice of deficiency] . . . no credit or refund of income tax for the same taxable year. . . shall be allowed or made and no suit by the taxpayer for the recovery or any part of the tax shall be instituted in any court. . . [some exceptions may apply]."  26 U.S.C. § 6512(a).  Thus, if the taxpayer has resorted to the Tax Court, he has given up the opportunity to litigate his tax liability for the year in question in the District Court.  *First National Bank of Chicago v. United States*, 792 F.2d 954, 955 (9th Cir. 1986).

Plaintiff has established that the Prakasams filed a petition in the Tax Court for redetermination of the deficiencies for the 1997 tax year within 90 days of receipt of a notice of deficiency from the IRS on August 27, 2001.  Tubo Decl. Ex. 3, 4.  On May 23, 2003, the Tax Court decided that the deficiency amount of the Prakasams' federal income tax is $458,475.00 and the penalty pursuant to Internal Revenue Code § 6662(a) is $91,695.00.

The Prakasams present evidence that they filed an amended Form 1040X, which indicates that they requested a refund in the amount of $6,664.00 on September 19, 2003. They also provide an affidavit of a Certified Fraud Examiner/Public Accountant stating her opinion that the Prakasams have the right to petition for review of the Tax Court's decision upon the receipt of a notice of determination from the IRS regarding the Collection Due Process Hearing and that there is no liability owed for the 1997 tax year due to several accounting and transactional errors. Prakasam Decl. Ex. D. pp. 2-3. At oral argument, Felix Kelly Prakasam asserted that the IRS has not replied to his request for a Collection Due Process Hearing and that attorney Alan Jones, who does not represent him in the instant action, received permission to appear before the Tax Court for a hearing. However, this evidence does not establish that the Prakasams are not liable to the IRS for 1997 taxes. The IRS disallowed Prakasams' overpayment claim on October 24, 2003. The affidavit of the Certified Fraud Examiner/Public Accountant establishes only that the Prakasams have an "entitlement" to petition to the Tax Court regarding its determination reviewing the 1997 tax year. There is no evidence or allegation that the Prakasams actually are appealing or planning to appeal the Tax Court's decision of May 23, 2003. Accordingly, unless the Tax Court's judgment is stayed, its decision is considered final, and this Court is barred from redetermining the Prakasams' tax liability pursuant to 26 U.S.C. § 6512(a).

Plaintiff also argues that the Tax court's decision is *res judicata* as to any subsequent proceeding involving the same claim for the same tax year. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Burlington Santa Fe v. Assiniboine Sioux Tribes*, 323 F.3d 767, 770 (9th Cir. 2003). The doctrine of *res judicata* is also applicable in tax litigation. Unless the second proceeding involves a similar or unlike claim relating to a different tax year, "parties are bound by *res judicata* as to both matters decided and matters which could have been raised once a court of competent jurisdiction has entered a final judgment on the merits of an action." *Russell v. C.I.R.* 678 F.2d 782, 785 (1982); *see also Commissioner v. Sunnen*, 333 U.S. 591, 598 (1941). Here, the Tax Court has entered a final judgment against the Prakasams for their 1997 tax liability. For the reasons discussed above, the Prakasams are bound by the *res judicata* effect of the Tax

Court's decision.

**B. The Tax Court's Determination of 1997 Tax Liability Against the Prakasams is Established by the Certificate of Assessments and Payments**

Additionally, Plaintiff contends that Certificates of Assessments and Payments establish the Tax Court's determination of the Prakasams' 1997 tax deficiency. Generally, a certificate of assessments and payments is "presumptively correct," and the taxpayer bears the burden to overcome this presumption by "countervailing proof." *United States v. Strebler*, 313 F.2d 402, 403-404 (1963) (8th Cir. 1963). *See also Niles Bement Pond Co. v. United States*, 281 U.S. 357, 361 (1930) ("Presumption is that taxes paid are rightly collected upon assessments correctly made by the Commissioner"). Here, Plaintiff provides evidence that Certificate of Assessments and Payments on Form 4340 for 1997 tax year indicates a balance of $820,861.09 as of May 25, 2004. Moore Decl., Ex.1, 1997 tax year, p. 5. It also shows that notice of balance due was demanded on November 16, 1998 and December 29, 2003. *Id.* p. 4. The Prakasams allege that there is no 1997 tax liability because the assessed zero amount is indicated in the master file account, but not recorded on Form 4030. Prakasam Decl. Ex. D, pp.2-5, Osborn Affidavit. However, redetermination of the Prakasams' tax liability is within the exclusive jurisdiction of the Tax Court.

**C. Sale of the Subject Real Property to Pay the Outstanding 1997 Tax Liability**

Plaintiff asserts that the Court should order the sale of the Prakasams' Subject Real Property to satisfy the Prakasams' outstanding tax debt for 1997 pursuant 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. 2001(a). The Secretary of the Treasury may authorize the Attorney General or his delegate to initiate a collection action for unpaid taxes pursuant to 26 U.S.C. § 7401. *Caleshu v. United States*, 570 F.2d 711, 713 (8th Cir. 1978). A civil action may be filed "in a district of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property . . . to the payment of such tax or liability." 26 U.S.C. § 7403(a). Attachment of a federal lien on property is an established mechanism to ensure proper enforcement of the tax laws. *United States v. Rodgers*, 461 U.S. 677, 683 (1983).

A district court has jurisdiction to issue orders to enforce tax laws under 26 U.S.C. § 7402; a district court also has power to issue an order to direct certain terms and conditions of any sale of realty at public sale. 28 U.S.C. § 2001. In addition, once an unpaid tax assessment is made, such tax may be collected by a court proceeding within ten years of the assessment. 28 U.S.C. § 6502. Thus, if a court proceeding is instituted within ten years of an unpaid tax assessment, a district court has jurisdiction to issue an order specifying certain terms and conditions to foreclose federal tax liens on certain real property as a way to enforce tax laws.

Here, the IRS made its tax assessment against the Prakasams on November 16, 1998 and December 29, 2003. Plaintiff's action to foreclose federal tax liens was filed pursuant 26 U.S.C. §§ 7401 and 7403(a) on February 18, 2005 well within the ten-year limit. In addition to the 1997 tax liability estimated at $1,040,735.54, the Prakasams also owe more than $324,131 to their creditors Wells Fargo Home Mortgage and Anco Financial Inc., both of which perfected liens prior to Plaintiff's tax lien on the Subject Real Property. The current fair market value of the Subject Real Property is estimated at $651,000.00, and this amount is less than the Prakasams' 1997 tax liability. Second Moore Decl. Ex. 8. In the absence of a showing that the Prakasams own sufficient liquid assets to satisfy these liabilites, the Court concludes that Plaintiff is entitled to foreclose on the Prakasams' Subject Real Property to satisfy their 1997 tax liability, subject to the prior liens of Defendants Wells Fargo and Anco Financial Inc.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for summary judgment is GRANTED as set forth above.

IT IS SO ORDERED.

DATED: 3/30/06

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-00743 JF
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)

**Notice will be electronically mailed to:**
Kathleen A. Andleman
kathleen.andleman@ftb.ca.gov,

Dean A. Christopherson dac@calaw.com

Thomas Moore tom.moore@usdoj.gov

Jay R. Weill jay.weill@usdoj.gov

**Notice will NOT be electronically mailed to:**

John W. Davies
Tax Counsel III, Supervisor
Franchise Tax Board
P.O. Box 1720
Rancho Cordova, CA 95741-1720

Carissa Lynch
Franchise Tax Board
Tax Counsel
P.O. Box 1720
Rancho Cordova, CA 95741-1720

Nova Dean Pack
Attorney at Law
5005 La Mart Drive
Suite 201
Reverside, CA 92507

Felix Kelly Prakasam
2048 Orange Tree, Suite 100
Redlands, Ca 92374

Liliana P. Prakasam
2048 Orange Tree, Suite 100
Redlands, Ca 92374

Kevin V. Ryan
United States Attorney
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

9
Case No. C 05-00743 JF
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)