NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. | Case No. C 05-00743 JF |
| Plaintiff, | ORDER[1] DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |
| v. | |
| FELIX KELLY PRAKASAM, et al. | |
| Defendants. | |

On May 1, 2006, Defendants Felix K. Prakasam and Liliana P. Prakasam, proceeding *pro se*, filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of this Court's Order dated March 30, 2006, granting summary judgment for Plaintiff United States of America. On May 31, 2006, this Court issued an Administrative Order setting a briefing schedule and vacating the scheduled hearing date in order for the Court to consider the matter without oral argument, pursuant to Civil Local Rule 7-1(b). The parties have fully briefed the instant motion, and for the reasons stated below, the motion will be denied.

Defendants move for reconsideration of this Court's entry of judgment for Plaintiff on

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-00743 JF
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
(JFLC1)

five grounds: (1) Defendants did not have an opportunity to respond to new facts and issues that Plaintiff brought up in its reply supporting its motion for summary judgment; (2) the assessment and tax lien on which Plaintiff bases its enforcement action are time barred; (3) this Court lacks jurisdiction to enforce a tax lien and assessment that is time barred; (4) because the IRS has accepted Defendant's Amended Tax Return for 1997, filed on September 23, 2003, Defendants owe no taxes; however, Plaintiff has misrepresented that the tax assessment was valid when it was in fact void; and (5) Defendants have filed a request for a Collection Due Process Hearing. None of Defendants' arguments meet the standards for reconsideration of a judgment established by Federal Rule of Civil Procedure 60(b)(1). A party may move for reconsideration of a final judgment within a "reasonable time" and for one of the following reasons:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Pursuant to Rule 60(b)(1), this Court may correct its own error of law based on mistake or inadvertence. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999); *see also Brown v. United States*, 80 Fed.Appx. 676, 678 (Fed. Cir. 2003) ("we have held that '[u]nder Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time.'"). Although Defendants present complicated arguments with respect to their tax assessments, there is no argument that the Court made an error based on mistake or inadvertence in its entry of judgment for Plaintiff.

With respect to Rule 60(b)(2), while Defendants contend that Plaintiff brought up new facts and allegations in its reply, Defendants' motion for reconsideration addresses no "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

To prevail on a motion for reconsideration made pursuant to Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). This Rule is "'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir.1987). Although Defendants argue that Plaintiff has misrepresented that the tax assessment was valid when it was in fact void, it is not at all clear to the Court from the evidence and arguments presented that the tax assessment was void. Moreover, considering that the entirety of the evidence presented by Defendants was available prior to Plaintiff's motion for summary judgment, Defendants have not demonstrated that the alleged misconduct prevented Defendants from fully and fairly presenting their defense.

Rule 60(b)(4) does not support reconsideration of the judgment of this Court because the judgment is not void. This Court had jurisdiction to issue the judgment and did not act in a manner inconsistent with due process of law, and, thus, the judgment is not void.[2] *See, e.g., Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1989).

With respect to Rule 60(b)(5), there is no indication that the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated. Additionally, there is nothing to support a conclusion that the facts have changed in such a manner that would affect the equity of the judgment.

Finally, there is nothing in Defendants' motion that would support a determination that the situation is so "extraordinary" as to merit relief under Rule 60(b)(6). *See, e.g., Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997).

Accordingly, the Court concludes that none of the sections of Rule 60(b) support

---

[2] Although Defendants argue that this Court lacks jurisdiction to enforce a tax lien and assessment that is time barred, the Court concluded in its March 30, 2006 Order granting Plaintiff's motion for summary judgment that it had jurisdiction over the instant action.

3

1 reconsideration of this Court's judgment.

2     A motion for reconsideration of summary judgment also may be brought pursuant to Federal Rule of Civil Procedure 59(e). *School District No. 1J, Multnomah County v. ACandS*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Although Defendants did not move for reconsideration pursuant to Rule 59, the Court also will address this Rule because Defendants are proceeding *pro se*. Reconsideration pursuant to Rule 59(e) is appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Id*. at 1263. The repetition of arguments which the district court already considered and rejected is not a proper basis for reconsideration. *Fuller*, 950 F.2d at 1442. For the reasons stated above with respect to Rule 60(b), this Court concludes that Rule 59 also does not support reconsideration of this Court's judgment. Accordingly, the Court will deny Defendants' motion for reconsideration.

    IT IS SO ORDERED.

DATED: July 5, 2006

                                                JEREMY FOGEL
                                                United States District Court

Case No. C 05-00743 JF
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
(JFLC1)

1  This Order has been served upon the following persons:

2  Kathleen A. Andleman          kathleen.andleman@ftb.ca.gov,

3  Dean A. Christopherson        dac@calaw.com

4  Thomas Moore                  tom.moore@usdoj.gov

5  Jay R. Weill                  jay.weill@usdoj.gov

6  John W. Davies
   Tax Counsel III, Supervisor
7  Franchise Tax Board
   P.O. Box 1720
8  Rancho Cordova, CA 95741-1720

9  Carissa Lynch
   Franchise Tax Board
10 Tax Counsel
   P.O. Box 1720
11 Rancho Cordova, CA 95741-1720

12 Nova Dean Pack
   Attorney at Law
13 5005 La Mart Drive
   Suite 201
14 Reverside, CA 92507

15 Felix Kelly and Liliana P. Prakasam
   2048 Orange Tree, Suite 100
16 Redlands, CA  92374

17 Kevin V. Ryan
   United States Attorney
18 450 Golden Gate Avenue
   P.O. Box 36055
19 San Francisco, CA 94102

20

21

22

23

24

25

26

27

28

Case No. C 05-00743 JF
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
(JFLC1)