1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Original Filed 12/22/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>FELIX KELLY PRAKASAM, et al.,<br><br>                    Defendants. | Case Number C 05-00743 JF<br><br>ORDER[1] CONFIRMING SALE<br><br>[re: docket no. 45] |

Plaintiff United States of America moves for an order confirming sale of property located at 1174 San Diego Drive, Salinas, California ("the property").  Defendants Felix K. Prakasam and Liliana P. Prakasam oppose the motion.  For the reasons discussed below, the Court will grant the motion.

**I. BACKGROUND**

On March 30, 2006, this Court granted summary judgment for Plaintiff and issued a decree of sale of the property.  On July 5, 2006, this Court denied Defendants' motion for reconsideration ("July 5th Order").

---

[1] This disposition is not designated for publication and may not be cited.

1    On July 14, 2006, Defendants, proceeding *pro se*, filed a "Motion to dismiss action and

2    set aside summary judgment and decree for lack of subject matter jurisdiction and for emergency

3    ex parte motion to enforce the automatic stay as provided by statute and to enjoin the

4    enforcement of the decree of sale."  Defendants asked again that this Court reconsider its grant of

5    summary judgment for Plaintiff.  On July 17, 2006, the Court denied the motion ("July 17th

6    Order").  The Court explained that while it understood "that it will cause harm and loss to

7    Defendants for them to vacate their residence, [it] cannot consider repetitive motions for

8    reconsideration."  July 17th Order 2.   The Court instructed Defendants that if they believe "that

9    this Court's ruling is erroneous, they must seek relief in the Court of Appeals; no further motions

10   or requests for reconsideration will be entertained."  *Id.*  On August 18, 2006, Defendants filed

11   notice of appeal with the Ninth Circuit.

12        Plaintiff states that on August 30, September 6, September 13, and September 20, 2006,

13   notice of the sale of the property at public auction was published in The Herald, a Montgomery

14   County newspaper.  Plaintiff also states that on September 21, 2006, the property was sold at

15   public auction at the Monterey County Courthouse for a sale price of $600,000 ("the sale").

16   Plaintiff states that the purchasers deposited $10,000 with the United States Marshals pending

17   confirmation of the sale by the Court.

18        On November 15, 2006, Plaintiff moved to confirm the sale of the property.  Defendants

19   objected to the sale on eight bases: (1) this Court lacks subject-matter jurisdiction; (2)

20   Defendants have a pending Collection Due Process Hearing pursuant to IRC, Section 6330,

21   which Plaintiff has not denied; (3) Defendants did not have an opportunity to respond to new

22   facts and issues that Plaintiff raised in its reply; (4) the assessment and tax lien which Plaintiff

23   relies upon in its enforcement action are time barred; (5) the IRS accepted Defendants' Amended

24   Tax Return for 1997, filed on September 23, 2003, pursuant to the "Stipulation [sic] Settled

25   Issues;" (6) after accepting Defendants' Amended Tax Return for 1997, Plaintiff issued

26   Defendants legal notice of disallowance of a refund for $6,664.00 on their 1996 taxes; (7)

27   Plaintiff failed to issue a mandatory Notice of a Federal Tax Lien to Defendants; and (8) Plaintiff

28   failed to issue a mandatory Notice and Demand to Defendants.

1   The Court heard oral argument on December 22, 2006.

2   ## II. LEGAL STANDARD

3   28 U.S.C. § 2001(a) provides that

4   [a]ny realty or interest therein sold under any order or decree of any court of the
    United States shall be sold as a whole or in separate parcels at public sale at the
5   courthouse of the county, parish, or city in which the greater part of the property is
    located, or upon the premises or some parcel thereof located therein, as the court
6   directs. Such sale shall be upon such terms and conditions as the court directs.

7   Notice of a public sale must be given pursuant 28 U.S.C. § 2002, which provides that

8   [a] public sale of realty or interest therein under any order, judgment or decree of
    any court of the United States shall not be made without notice published once a
9   week for at least four weeks prior to the sale in at least one newspaper regularly
    issued and of general circulation in the county, state, or judicial district of the
10  United States wherein the realty is situated.

11  ### III. DISCUSSION

12  1.    Compliance With Statutory Requirements for Sale

13      Notice of the sale was published once a week for four weeks as required by 28 U.S.C. §

14  2002.  Nothing in the manner in which the sale was conducted appears to conflict with 28 U.S.C.

15  §§ 2001-2002.  Defendants do not object to the form of the sale or the notice preceding the sale.

16  Accordingly, the Court concludes that the sale conforms with the applicable statutory

17  requirements.

18  2.    Objections to Sale on Other Grounds

19      As noted above, Defendants object to the sale on eight grounds[2] which pertain to the

20  substantive legal arguments they have made throughout this case, rather than to any specific

21  objection to the form of the sale or the notice given prior to the sale.  Defendants have argued

22  _____

23      [2]  As stated above, the eight grounds argued by Defendants are that: (1) this Court lacks
    subject-matter jurisdiction; (2) Defendants have a pending Collection Due Process Hearing
24  pursuant to IRC, Section 6330, which Plaintiff has not denied; (3) Defendants did not have an
    opportunity to respond to new facts and issues that Plaintiff raised in its reply; (4) the assessment
25  and tax lien which Plaintiff relies upon in its enforcement action are time barred, (5) the IRS
    accepted Defendants' Amended Tax Return for 1997, filed on September 23, 2003, pursuant to
26  the "Stipulation Settled Issues;" (6) after accepting Defendants' Amended Tax Return for 1997,
    Plaintiff issued Defendants legal notice of disallowance of a refund for $6,664.00 on their 1996
27  taxes; (7) Plaintiff failed to issue a mandatory Notice of a Federal Tax Lien to Defendants; and
    (8) Plaintiff failed to issue a mandatory Notice and Demand to Defendants.

28

3

1    many of these grounds before the Court previously.  The Court rejected five of the arguments by

2    Defendants in denying the motion for reconsideration:

3        (1) Defendants did not have an opportunity to respond to new facts and issues that
         Plaintiff brought up in its reply supporting its motion for summary judgment; (2)

4        the assessment and tax lien on which Plaintiff bases its enforcement action are
         time barred; (3) this Court lacks jurisdiction to enforce a tax lien and assessment

5        that is time barred; (4) because the IRS has accepted Defendant's Amended Tax
         Return for 1997, filed on September 23, 2003, Defendants owe no taxes; however,

6        Plaintiff has misrepresented that the tax assessment was valid when it was in fact
         void; and (5) Defendants have filed a request for a Collection Due Process

7        Hearing.

8    July 5th Order 2.  These five arguments overlap almost perfectly with the first six grounds that

9    defendants argue in opposition to the instant motion.  Additionally, Defendants provide no legal

10   authority holding that, even if true, the two remaining asserted bases in opposition to the motion

11   support a finding that Defendants have no tax liability or provide a basis for reconsidering the

12   Court's earlier orders in this case.

13       As the Court indicated in its July 17th Order, the Defendants' remedy for any perceived

14   error in the Court's decisions lies with the Ninth Circuit, not in repeated motions for

15   reconsideration.  Defendants may not use their opposition to this motion as a vehicle by which to

16   argue again for reconsideration.  The Court will not deny the motion on grounds previously

17   argued or grounds which otherwise pertain to the substantive legal rights, claims, and defenses

18   previously litigated in this case.

19   **IV. ORDER**

20       Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to confirm

21   sale is GRANTED.

22

23

24   DATED: December 22, 2006.

25

26

27   _____
     JEREMY FOGEL
     United States District Judge

28

4

Case No. C 05-00743 JF
ORDER CONFIRMING SALE
(JFLC1)

1   This Order has been served upon the following persons:

2   Kathleen A. Andleman        kathleen.andleman@ftb.ca.gov,

3   Dean A. Christopherson      dac@calaw.com

4   Carissa Lynch              denise.sutherland@ftb.ca.gov

5   Thomas Moore               tom.moore@usdoj.gov

6   Jay R. Weill               jay.weill@usdoj.gov

7   Notice will be delivered by other means to:

8   John W. Davies
    Tax Counsel III, Supervisor
9   Franchise Tax Board
    P.O. Box 1720
10  Rancho Cordova, CA 95741-1720

11  Nova Dean Pack
    Attorney at Law
12  5005 La Mart Drive
    Suite 201
13  Reverside, CA 92507

14  Felix Kelly Prakasam
    2048 Orange Tree, Suite 100
15  Redlands, Ca 92374

16  Liliana P. Prakasam
    2048 Orange Tree, Suite 100
17  Redlands, Ca 92374

18  Kevin V. Ryan
    United States Attorney
19  450 Golden Gate Avenue
    P.O. Box 36055
20  San Francisco, CA 94102

21

22

23

24

25

26

27

28

                                5

Case No. C 05-00743 JF
ORDER CONFIRMING SALE
(JFLC1)